Leo A. DREY; Kay K. Drey, Appellants,

v.

UNITED STATES of America, Appellee.

No. 82–1627.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 14, 1983.

Decided Feb. 24, 1983.

Rehearing Denied March 23, 1983.

---

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Robert A. Bernstein, Philip I. Brennan, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellee; Thomas E. Dittmeier, U.S. Atty., St. Louis, Mo., of counsel.

Hugh R. Law, Charles A. Lowenhaupt, St. Louis, Mo., for appellants; Lowenhaupt, Chasnoff, Freeman, Armstrong & Mellitz, St. Louis, Mo., of counsel.

Before HEANEY, McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

Taxpayers Leo A. Drey and his wife, Kay K. Drey, appeal from a final judgment entered in the District Court[1] for the Eastern District of Missouri denying their claim against the United States for refund of additional tax and interest paid pursuant to an Internal Revenue Service (IRS) deficiency assessment. For reversal the taxpayers argue that the IRS undervalued certain real property donated by the taxpayers for purposes of a charitable contribution deduction with respect to their 1974 income tax. For the reasons discussed below, we affirm the judgment of the district court.

On June 28, 1974, the taxpayers executed and delivered to the L–A–D Foundation, Inc. a quit claim deed by which the taxpayers conveyed their interest in 961.47 acres of river front land subject to a scenic easement previously conveyed to the United States pursuant to an Exchange Scenic Easement Deed. The L–A–D Foundation, Inc. was then an organization organized exclusively (by the taxpayers) for public and charitable purposes within the terms of § 170(c)(1) of the Internal Revenue Code. 26 U.S.C. § 170. The taxpayers claimed a charitable deduction of $275,000.00 on their 1974 personal income tax return for the value of this property conveyed to L–A–D Foundation, Inc.

The taxpayers claimed that lands owned by them contiguous to the donated strip of river front land were best suited for recreational development. They also claimed that their contiguous land was reduced in value by $275,000.00 because of diminished access[2] to the river resulting from the charitable donation of the fee underlying the scenic easement. The Commissioner determined that the fair market value[3] of the property contributed to the L–A–D Foundation, Inc. was $45,500.00.

The taxpayers asserted the rules for determining fair market value in income tax cases and condemnation cases are the same. The standard for valuing property taken

---

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

2. In fact, however, by the terms of the Scenic Easement Deed the owner of the donated fee is restricted from "[p]rohibiting ingress and egress over and across and use by the general public of any or all of the herein described lands." *Drey v. United States*, 535 F.Supp. 287 at 288 (E.D.Mo.1982).

3. The Internal Revenue Code provides that "there shall be allowed as a deduction any charitable contribution ... payment of which is made within the taxable year." 26 U.S.C. § 170(a)(1). The Treasury regulations state that where, as here, "a charitable contribution is made in property other than money, the amount of the contribution is the fair market value of the property at the time of the contribution." Treas.Reg. § 1.170A–1(c)(1) (1982). The phrase "fair market value" is defined as the "price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of relevant facts." *Id.* § 1.170A–(c)(2); *accord, Fitts' Estate v. Commissioner,* 237 F.2d 729 (8th Cir.1956). It is evident that neither of the values relied upon by the parties permit the ready application of the willing seller/willing buyer test.

for public use in an eminent domain proceeding "consists not only in an award of the value of lands which are taken, but also of any damage that may result to the portion of the tract which remains." *Sharp v. United States,* 191 U.S. 341, 351–52, 24 S.Ct. 114, 116, 48 L.Ed. 211 (1903).

 We agree with the district court's reasoning that the measure of compensation for property donated as a charitable contribution is statutory and not the same substantial right protected by the fifth amendment of the Constitution in condemnation cases. Condemnation proceedings usually require a "taking" which require a property owner to part with his property involuntarily. The same considerations are not present where a taxpayer makes a voluntary decision to donate property to charity. Therefore, the district court properly decided that the value of the taxpayers' charitable contribution must be determined by the value of the property donated and not by severance damages to the adjacent land.

Accordingly, the judgment of the district court is affirmed.